# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2643
_____

United States of America,

*Plaintiff - Appellee*,

v.

Jazmyne L. McMiller,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: March 11, 2024
Filed: June 3, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.
_____

PER CURIAM.

Jazmyne McMiller pleaded guilty to conspiring to commit wire fraud, *see* 18 U.S.C. § 1349, after submitting fraudulent applications for loans administered by the Small Business Administration. McMiller signed a plea agreement in which she waived her right to appeal her sentence unless she alleged ineffective assistance of

counsel. The district court calculated an advisory sentencing guideline range of 21 to 27 months' imprisonment, departed and varied downward from the range, and sentenced McMiller to a year and a day in prison.

McMiller appeals her sentence, and the government argues that we should enforce the appeal waiver. We will enforce a defendant's waiver if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the waiver and the plea agreement, and there is no miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

McMiller's plea agreement states that she "knowingly and expressly waives any and all rights to appeal [her] conviction and sentence," except for claims alleging ineffective assistance of counsel. McMiller does not argue that her counsel was ineffective, so her appeal falls within the scope of her waiver.

The record establishes that McMiller's waiver was knowing and voluntary. The district court questioned McMiller about her decision to enter the agreement and waive the right to appeal. *See id.* at 891. At her change-of-plea hearing, McMiller stated that she had read the plea agreement and discussed it with her lawyer. McMiller confirmed that she was not forced by anyone to sign the plea agreement, and that she waived her rights freely and voluntarily. McMiller specifically agreed that she knew she had a right to appeal and was "giving up that right."

McMiller makes a conclusory assertion that she was the victim of sentencing manipulation, but she has not alleged any improper conduct by law enforcement intended solely to enhance her potential sentence. *See United States v. Sacus*, 784 F.3d 1214, 1220 (8th Cir. 2015). McMiller also asserts that her sentence is unreasonable because of a disparity between her sentence and the sentence of a co-conspirator. But the statutory direction to avoid unwarranted disparities among defendants refers to national disparities, not differences among co-conspirators,

*United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017), and McMiller has not demonstrated a miscarriage of justice that would justify avoiding her appeal waiver.

For these reasons, we enforce McMiller's appeal waiver and dismiss the appeal.

_____